**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEVEN CAMACHO,

    Plaintiff,

v.                                                                          Case No. 8:14-CV-1019-T-30MAP

JOHN DOE, WARDEN,
ZEPHYRHILLS CORRECTIONAL
INSTITUTION, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court on Plaintiff's "Motion for Injunction [sic] a Temporary Restraining Order Under American With Disabilities Act 'ADA-Standard" ("motion") (Dkt. 2). In the motion, Plaintiff alleges that he is in "imminent danger of serious physical and mental injury" because: 1) although he has a history of mental illness and cutting himself with sharp objects, he is not receiving "proper" mental health treatment or medication for his suicidal thoughts; 2) the warden and correctional officers at Hardee Correctional Institution ("HCI"), Plaintiff's current institution of incarceration, constantly tell Plaintiff that "he is lucky to still be alive," and that he "won't live too long" if he continues

to file grievances against staff;[1] and 3) he is being denied toilet paper and his Bible, law books, and legal papers (Dkt. 2 at pp. 1-2).

## DISCUSSION

Plaintiff has not served a copy of his motion on Defendants. Consequently, the Court construes the motion as seeking a temporary restraining order under Fed. R. Civ. P. 65(b). Plaintiff, however, has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. He has not certified to the Court the efforts, if any, which have been made "to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Moreover, under Local Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." Plaintiff has not provided "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A); Local Rule 4.05(b). Plaintiff's allegation that he was assaulted by officers at ZCI in 2013 is insufficient to warrant a restraining order. *See Helton v. Burks*, 2011 U.S. Dist. LEXIS 154366, at * 28-29 (M.D. Ga. Aug. 3, 2011) ("[P]reliminary injunctive relief will not be granted because of a past injury or a mere perceived or suspected threat of harm; [Plaintiff]

---

[1] Plaintiff alleges that in 2013, the warden at Zephyrhills Correctional Institution ("ZCI"), an institution in which Plaintiff was incarcerated at some time prior to his transfer to HCI, told officers to assault Plaintiff (Dkt. 2 at p. 3). Plaintiff also alleges that on April 3, 2014, the warden at HCI ordered Captain Hess to threaten to assault Plaintiff (Id.).

must show that irreparable injury will be suffered unless an injunction issues.") (citing *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005), *cert. denied*, 547 U.S. 1192 (2006)).  Moreover, although the Court takes Plaintiff's allegations seriously, Plaintiff offers only conclusory assertions about his fear of a future assault by officers at HCI.  Finally, with regard to Plaintiff's assertion that he is not receiving "proper" mental health care at HCI, Plaintiff does not identify his mental health condition, state what treatment or medication he requires, or assert that there is a reasonable likelihood that he will harm himself without the unspecified mental health care he seeks.

In sum, Plaintiff fails to demonstrate that he is in danger of an immediate risk of substantial or irreparable harm, and that an emergency situation exists which requires immediate intervention by the Court.  Therefore, the Court will not grant *ex parte* relief without Defendants being afforded notice and an opportunity to respond to Plaintiff's motion.

To the extent Plaintiff seeks a preliminary injunction, he must demonstrate that: (1) he has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citation omitted).  "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Id*. (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)).  At this

time, Plaintiff has not demonstrated that he has a substantial likelihood of success on the merits, and that he will suffer irreparable injury without the injunction he seeks.

ACCORDINGLY, the Court **ORDERS** that Plaintiff's motion (Dkt. 2) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff