## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEVEN CAMACHO,

     Plaintiff,

v.                                Case No. 8:14-CV-1019-T-30MAP

JOHN DOE, WARDEN,
ZEPHYRHILLS CORRECTIONAL
INSTITUTION, et al.,

     Defendants.

_____/

## ORDER

     Plaintiff is a State of Florida prisoner currently confined at Hardee Correctional Institution ("HCI"), Bowling Green, Florida.  He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).  The complaint alleges numerous unrelated claims, against multiple John and Jane Doe defendants, arising out of different alleged incidents at either HCI, Zephyrhills Correctional Institution ("ZCI"), or Union Correctional Institution ("UCI").

## DISCUSSION

     Fed. R. Civ. P., Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." F.R.C.P. 18(a).  "Multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim

B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act ["PLRA"] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The instant complaint does not raise multiple claims against a single party.  Rather, it raises numerous claims, most of which are unrelated, and none of which pertains to all defendants.[1]  The claims are factually and legally distinct from one another.  For example, Plaintiff raises excessive use of force, inadequate medical treatment, and false disciplinary charges claims against several defendants at ZCI, a denial of due process claim against defendants at UCI, and retaliation, inadequate mental health treatment, and conditions of confinement claims against defendants at HCI.

The complaint includes misjoined parties and claims, and offers Plaintiff a way around both the fee payment and the three-strike bar.[2]  Plaintiff may not circumvent the PLRA's

---

[1]Rule 20(a) provides that persons may be joined as defendants in a single action if there "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)(B).  "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."  *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).  The complaint does not allege that all defendants participated in the same transaction or series of transactions or that a question of fact is common to all defendants.

[2]The PLRA contains a three-strikes rule which prohibits a prisoner from bringing a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action...that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(g).

objective of deterring frivolous prisoner complaints by presenting these multiple unrelated claims against multiple defendants in one action.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's complaint (Dkt. 1) is **DISMISSED**.[3]   The dismissal is without prejudice to Plaintiff filing an amended complaint **on or before July 11, 2014.** Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.[4]

Plaintiff **must** limit the allegations in the amended complaint to claims related to the claims asserted in the original complaint.  Further, Plaintiff **must** file a separate complaint (in separate cases with separate case numbers) for each claim that he has unless the claims are all related to the same incident or issue.[5]  Plaintiff shall name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place defendants' names in the style of the case on the first page of the civil rights complaint form,

---

[3]Dismissal of the complaint without prejudice will not prejudice Plaintiff's pursuit of his claims against Defendants since the applicable statute of limitations in this case is four years. *See Baker v. Gulf & Western Industries*, 850 F.2d 1480, 1481 (11th Cir. 1988).

[4]This means that Plaintiff shall no longer rely on the original complaint.

[5]Plaintiff therefore must file a separate complaint for each different claim, and either pay the $350.00 filing fee or file a motion to proceed in forma pauperis.  Plaintiff must therefore decide on which claim he will proceed in this action.

and include their addresses and employment positions in the "Defendants" section of the form.[6]  In the statement of facts, Plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts.  In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations.  Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

2.      If Plaintiff fails to timely file an amended complaint, the Clerk of Court shall, without further notice, dismiss this action.

3.      The **Clerk of Court** is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint.

**DONE** and **ORDERED** in Tampa, Florida on June 12, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff

---

[6]Plaintiff is advised that he must adequately identify the defendants to allow this court to serve them with the amended complaint.

4